[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12534

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LAHANS FITZGERALD COOPER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:20-cr-00367-AMM-SGC-1

_____

Before JORDAN, ROSENBAUM, and LAGOA, Circuit Judges.

PER CURIAM:

Lahans Cooper appeals his total sentence of 180 months' imprisonment for drug trafficking and gun crimes. Cooper argues that the district court erred in failing to pronounce at sentencing certain discretionary conditions of his supervised release that were included in the written judgment. The government agrees and states that remand is warranted for a limited resentencing.

Generally, challenges to the conditions of a defendant's supervised release raised for the first time on appeal are subject to plain-error review. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). But we review *de novo* where the defendant "had no opportunity to object at sentencing to the discretionary conditions of supervised release because they were included for the first time in the written judgment." *United States v. Rodriguez*, 75 F.4th 1231, 1246 n.5 (11th Cir. 2023).

Section 3583 of Title 18 of the U.S. Code imposes several mandatory conditions of supervised release and provides that the court may order further conditions. 18 U.S.C. § 3583(d). The Sentencing Guidelines provide for thirteen standard conditions that are generally recommended, as well as several special conditions. U.S.S.G. § 5D1.3(c), (d).

In *Rodriguez*, we concluded that "due process principles generally require district courts to pronounce at the sentencing hearing discretionary, but not mandatory, conditions of supervised

release." 75 F.4th at 1247.  A defendant must be given "an opportunity to be heard on the discretionary condition[s]." *Id*. at 1248. Courts may satisfy this requirement by referencing a written list of supervised-release conditions. *Id*. at 1247.  But a court violates due process if it imposes a discretionary condition that was never identified at the sentencing hearing, whether by expressly referencing an applicable "administrative order or otherwise indicat[ing] that the court was adopting conditions of supervised release beyond those mandated by statute." *Id*. at 1248–49.  When a court errs in this way, we will "vacate the conditions and remand for resentencing," so that the court "may, after giving [the defendant] an opportunity to be heard, reconsider whether to impose each of the discretionary conditions." *Id*. at 1249.

Here, the parties agree that the district court erred by failing to identify or pronounce at sentencing discretionary conditions of supervised release that were imposed in the written judgment.  According to the government, the written judgment included at least sixteen discretionary conditions of supervised release that were not identified in the presentence investigation report or at sentencing. Because the record shows that Cooper lacked a meaningful opportunity to be heard on those discretionary conditions, we vacate the conditions and remand for resentencing in accordance with *Rodriguez*.  *See id*. at 1249–50.

**VACATED AND REMANDED.**